IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM SCOTT GARRISON, #00814619, Plaintiff, | § § § § | |
| v. | § § | No. 3:24-cv-00700-X (BT) |
| JOHN DOE, et al., Defendants. | § § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Texas prisoner William Scott Garrison proceeds *in forma pauperis* (IFP) and *pro se* in this self-styled "Federal Claims under *Bivens* Action" against two Federal Bureau of Investigation (FBI) agents and a Drug Enforcement Agency (DEA) agent. As explained below, the Court should dismiss Garrison's claims, including his motions for declaratory and injunctive relief (ECF No. 2, ECF No. 10, ECF No. 16), as frivolous under 28 U.S.C. § 1915A and 28 § 1915(e)(2)(B).

**Background**

Garrison's 89-page complaint is largely indecipherable and nonsensical, but he appears to claim that documents filed in one of his other, closed federal cases shows that, in 2012, the FBI and an unidentified DEA agent conspired to "use" psychology departments in the TDCJ to illegally release recordings of his "psych sessions" to national media outlets. *See generally* ECF No. 1 at 1, 3, 21. Garrison—who claims to be telepathic with ESP abilities—alleges that the FBI created an

obituary for his father, fabricated evidence, and "photoshopp[ed]" photos of his daughter. ECF No. 1 at 4, 18, 27 ("I wouldn't speak of what caused me to become telepathic, ESP, psychic due to legal ethics."). He claims that, in 2012, the FBI recruited a prisoner to put hits on his family members and entrap him, which subjected him to defamation in public forums. ECF No. 1 at 8, 18, 28. He claims that the DEA "busted" the mother of his children based on tip he gave them, which somehow caused the death of over 200 Mexican nationals. ECF No. 1 at 16, 26. He claims that his attorney violated confidentiality and breached a contract. ECF No. 1 at 16-17. And he claims that the FBI "covered up" assaults by TDCJ officers and other inmates. ECF No. 1 at 18.

He sues "at least two agents of the [FBI]" and, "possibly," a Dallas DEA agent for alleged violations of his First, Eighth, and Fourteenth Amendment rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). ECF No. 1 at 1, 37. He also references 42 U.S.C. §§ 1981, 1985-1987; the Americans with Disabilities Act; the Religious Land Use and Institutionalized Persons Act; and state law causes of action and legal concepts. ECF No. 1 at 38-39; ECF No. 11 at 1 (motion for appointment of counsel listing claims). He seeks $900,000 in compensatory damages, injunctive relief, and declaratory relief. ECF No. 1 at 41; *see also* ECF Nos. 2, 10, 12, 16 (motions for injunctive and declaratory relief).[1]

---

[1] Garrison includes allegations throughout his pleadings against TDCJ officers. *See, e.g.*, ECF No. 1 at 35. But he does name any correctional officer as a defendant,

2

## Legal Standards and Analysis

As a prisoner proceeding IFP, Garrison's claims are subject to preliminary screening under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e). Section 1915A provides:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

And under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed IFP if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

---

so the Court understands these allegations to relate to the general FBI/DEA conspiracy claim rather than supporting separate causes of action. *See* ECF No. 1 at 1 (listing the defendants as "two federal agents of Dallas Federal Bureau of Investigation . . . possibly John Doe of Dallas Drug Enforcement Agency").

3

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint is frivolous when it lacks a basis in law or when the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The "baseless" category includes those allegations which describe "fanciful, fantastic, and delusional" scenarios or claims that "rise to the level of irrational and wholly incredible." *Denton*, 504 U.S. at 33. A complaint lacks an arguable basis in law if it is based on a meritless legal theory, such as if the complaint alleges violation of a legal interest which does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Further, the Federal Rules of Civil Procedure require a party to formulate their pleadings in a manner that is organized and comprehensible. Even *pro se* litigants like Garrison must abide by the Federal Rules of Civil Procedure. S*ee U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

1. <u>The Court should dismiss Garrison's complaint with prejudice because it is factually and legally frivolous.</u>

Garrison's claims appear to turn on an alleged conspiracy involving the FBI and the DEA to cover-up governmental misconduct directed against him and to defame him. His cover-up allegations are fanciful, fantastic, and factually frivolous. *See*, *e.g.*, *Jackson v. Johnson*, 2005 WL 1521495 (N.D. Tex. June 27, 2005), *rec. accepted* 2005 WL 1668084 (N.D. Tex. Jul. 13, 2005) (dismissing complaint alleging that FBI conspired with local and state police to invade plaintiff's privacy

4

through "highly sophisticated surveillance techniques, computerized mind control, and satellite weaponry"); *Johnson v. Drug Enf't Agency*, 2004 WL 813214 (N.D. Tex. Apr. 14, 2004), *rec. accepted* 2004 WL 948265 (N.D. Tex. May 3, 2004) (dismissing complaint alleging that DEA implanted a radio transmitter beneath plaintiff's scalp and forced him to ingest various chemical and sleep-inducing drugs); *Daniel v. FBI*, 2003 WL 21436479 (N.D. Tex. Jun. 17, 2003), *rec. accepted* 2003 WL 21555130 (N.D. Tex. July 8, 2003) (dismissing complaint alleging that FBI stalked, harassed, and tried to poison plaintiff because she ran as a write-in candidate for President of the United States).

Garrison's allegations are also legally frivolous. His *Bivens* claims are not cognizable because they arise in new context from the *Bivens* trilogy of cases—none of which deal with a far-ranging conspiracy involving the FBI and the DEA to harm a state prisoner—and there are reasons to hesitate before judicially applying *Bivens* to this new context: namely, the fact that Congress has refused to do so despite legislating in other areas involving prisoner rights, such as the Prison Litigation Reform Act. *See*, *e.g.*, *Byrd v. Lamb*, 990 F.3d 879, 881 (5th Cir. 2021) (setting forth the two-part standard for analyzing *Bivens* claims, noting that "[f]irst, courts should consider whether the case before it presents a 'new context,'" and, if so courts should contemplate whether there are "any special factors that counsel hesitation against granting such an extension") (cleaned up); *see also Egbert v. Boule*, 596 U.S. 482, 492 (2022) (Gorsuch, J., concurring) (noting that the two-step inquiry often "boils down" to whether there is any reason to think that

5

Congress might be better equipped to create a damages remedy); *see also Jackson v. Wray*, 2023 WL 7029378, at *3 (N.D. Tex. Sept. 27, 2023) ("After [*Ziglar v. Abbasi*, 582 U.S. 120 (2017)], a number of courts have concluded that a conspiracy claim presents a new context to which *Bivens* does not apply.") (collecting cases).

Nor are Garrison's claims under 42 U.S.C. §§ 1981, 1985-87 cognizable. Section 1981 states that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory . . . to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Section 1981 also states that "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment *under color of State law*." *Id.* § 1981(c) (emphasis added). Garrison is suing federal officials and therefore does not satisfy Section 1981's "under color of State law" requirement. *See Magassa v. Mayorkas*, 52 F.4th 1156, 1163 (9th Cir. 2022) ("There is simply no cause of action under § 1981 against federal actors[.]"); *McCoy v. Zook*, 2021 WL 811854, at *4 n.3 (N.D. Tex. Feb. 11, 2021) ("[s]ection 1981 claims do not lie against federal actors") (alteration in original) (citation omitted), *rec. accepted* 2021 WL 807249 (N.D. Tex. Mar. 3, 2021).

Section 1985—which imposes civil liability for conspiracies to interfere with civil rights—likewise only provides a remedy for action under state law. S*ee Mack v. Alexander*, 575 F.2d 488, 489 (5th Cir. 1978) ("[W]e agree with the district court's ruling that [Section 1985] provide[s] a remedy for deprivation of rights

6

under color of state law and do[es] not apply when the defendants are acting under color of federal law.") (citing *Walker v. Blackwell*, 360 F.2d 66 (5th Cir. 1966)). And, given that conclusion, there is no claim under Section 1986, as that statute—which imposes civil liability for failing to prevent Section 1985 violations—requires a predicate Section 1985 violation. *See Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000) ("And because a valid § 1985 claim is a perquisite to a § 1986 claim, that claim is also invalid.") (citation omitted). As for Section 1987, this section authorizes federal officials to prosecute violations of certain federal laws, but it does not provide an independent cause of action. *See Atomanczyk v. Quarterman*, 2008 WL 941205, at *4 (N.D. Tex. Apr. 3, 2008) (dismissing as frivolous claim under section 1987).

      Finally, Garrison references a litany of other statutes and legal concepts such as the Americans with Disabilities Act, the Religious Land Use and Institutionalized Persons Act, defamation, breach of contract, violations of the Texas Constitution, malpractice, breach of legal ethical standards, and the "Deceptive Practices Act." But his factual allegations are confusing and disjointed. He has failed to sufficiently plead the elements of, or legal conditions of, any of these causes of action. His claims are wholly conclusory and therefore frivolous. *See Holloway v. Givens*, 2018 WL 11475106, at *1 (W.D. Tex. Feb. 5, 2018) ("A conclusory complaint, one that fails to state material facts, may be dismissed as

frivolous . . . .") (citing *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F.2d 256, 257 (5th Cir. 1988), *cert. denied*, 488 U.S. 985 (1988)).[2]

2. <u>The Court should dismiss Garrison's requests for injunctive and declaratory relief because his claims lack merit.</u>

Garrison also has filed several motions for injunctive and declaratory relief. ECF No. 2, ECF No. 10, ECF No. 16. Injunctive and declaratory relief are forms of relief that depend on the success of underlying claims. *See Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170-71 (5th Cir. 1990) (declaratory relief); *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (injunctive relief). Because all Garrison's claims are subject to dismissal, he cannot succeed on his motions for injunctive and declaratory relief.

---

[2] Further, to the extent that the conduct underlying Garrison's claims occurred in 2012 or earlier, his claims are likely time-barred and legally frivolous for that reason as well. *See Brown v. Pool*, 79 F. App'x 15, 16 (5th Cir. 2003) ("A district court may *sua sponte* dismiss a complaint as frivolous on statute-of-limitations grounds if it is clear from the face of a complaint that the claims asserted are time-barred."); *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999) ("This Court, applying Texas law, has held that the statute of limitations period on a *Bivens* claim is two years.") (citation omitted); *Jones v. Alcoa, Inc.*, 339 F.3d 359, 364 (5th Cir. 2003) (finding that two-year statute of limitations controlled Section 1981 claims brought in Texas); *Bird v. Fletcher*, 2020 WL 2951891, at *7 (E.D. Tex. May 1, 2020), *rec. accepted* 2020 WL 2944430 (E.D. Tex. June 2, 2020) (noting that the statute of limitations in Texas for Section 1985 actions is two years); *Eber v. Harris County Hosp. Dist.*, 130 F.Supp.2d 847, 870 (S.D. Tex. 2001) (two-year statute of limitations period for Title II ADA claims brought in Texas); 28 U.S.C. § 1658 (four-year statute of limitations for RLUIPA claims); TEX CIV. PRAC. & REM. CODE § 16.003(a) (two-year statute of limitations for Texas tort claims).

Further, to the extent that Garrison seeks injunctive relief based on different conduct from that described in his complaint—for example, Garrison's most recent motion for an injunction (ECF No. 16) references "more incidents" and appears to assert new claims—such relief should be denied because, although the Fifth Circuit Court of Appeals has not specifically addressed this issue, district courts within this circuit have found that a request for preliminary injunction must be based on allegations related to claims in the complaint. *See Bucklew v. St. Clair*, 2019 WL 2251109, at *2 (N.D. Tex. May 15, 2019), *rec. accepted* 2019 WL 2249719 (N.D. Tex. May 24, 2019) (citing *Gill v. Neaves*, 657 F.Supp. 1394, 1399 (W.D. Tex. 1987) (denying request for a temporary restraining order and preliminary injunction in part because "the grounds alleged in the motion ha[d] absolutely nothing to do with the underlying cause of action"); *Walcott v. Terrebonne Par. Consol. Gov't*, 2017 WL 6371577, at *1 (E.D. La. Nov. 20, 2017) (recommending the denial of a prisoner's motion for a preliminary injunction because he was seeking injunctive relief "wholly unrelated to the claims in this lawsuit"), *rec. accepted* 2017 WL 6344149 (E.D. La. Dec. 12, 2017)) (further citations omitted); *see also Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (affirming denial of request for preliminary injunction based on alleged retaliatory conduct unrelated to prisoner's § 1983 claim and explaining that "a party moving for a preliminary injunction must

9

necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"); *Rayford v. Millay*, 2015 WL 2454673, at *1 (M.D. Tenn. May 22, 2015) ("If the plaintiff's claim in the motion for injunctive relief does not relate to the plaintiff's original claim in the complaint, injunctive relief is improper.") (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)) (further citation omitted).

### Leave to Amend

Generally, the court should offer a *pro se* litigant an opportunity to amend his complaint before it is dismissed. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). But leave to amend is not required if the plaintiff has already pleaded his "best case." *Id.* "A plaintiff has pleaded [his] best case after [he] is 'apprised of the insufficiency' of [his] complaint." *Wiggins v. Louisiana State Univ.—Health Care Services Division*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (citing *Dark v. Potter*, 293 F. App'x 254, 257 (5th Cir. 2008)) (further citation omitted). Further, a court may deny leave to amend when the plaintiff's claims are frivolous. *See, e.g.*, *Matter of Triay*, 2023 WL 7267001, at *4 (M.D. La. Sept. 23, 2023) (citing *Jones v. Greninger*, 188 F.3d 322, 327 (5 th Cir. 1999)).

Here, Garrison's claims are frivolous, so leave to amend is not warranted.

### Recommendation

The Court should dismiss Garrison's case, including his motions for declaratory and injunctive relief (ECF No. 2, ECF No. 10, ECF No. 16), as frivolous under 28 U.S.C. § 1915A and § 1915(e)(2)(B).

10

SO RECOMMENDED

May 21, 2024.

                                          REBECCA RUTHERFORD
                                          UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).