IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM SCOTT GARRISON, <br> ID # 00814619, <br> Plaintiff, | § § § § | |
| v. | § § | No. 3:24-CV-00700-X-BW |
| JOHN DOE, et al., <br> Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the post-judgment filings received from Plaintiff William Scott Garrison on September 17, 2024 and September 20, 2024. (Dkt. Nos. 49-52.) Liberally construing the filings as motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), the Court **DENIES** the motions.

### I.

Garrison filed this civil rights action on March 19, 2024. (*See* Dkt. No. 1.) On May 21, 2024, it was recommended that the action be dismissed with prejudice for failure to state a claim as frivolous under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). (*See* Dkt. No. 21.) Garrison then filed 21 documents with the Court that were interpreted as objections to the recommendation. (*See* Dkt. Nos. 23-44.) The Court accepted the recommendation over Garrison's objections and dismissed the case with prejudice by judgment entered August 13, 2024. (*See* Dkt. Nos. 44-45.) Garrison then filed a motion seeking discovery and appointed counsel, which the Court denied as moot because the case is closed and Garrison had neither appealed the judgment or otherwise obtained relief from it. (*See* Dkt. No. 48.) Garrison also was warned that if he continued to file frivolous motions in this case, or in any other case before the Court, sanctions may be imposed against him, including monetary sanctions, a complete bar to filing pleadings, or both. (*See id.*)

Garrison has since filed four additional documents in this case, one of which the Court has liberally construed, in part, as a notice of appeal. (*See* Dkt. Nos. 49-53.)

**II.**

Because the filings appear to have been filed in response to the May 21 recommendation and subsequent dismissal of this action and, under the prison mailbox rule, appear to have been filed within 28 days of the entry of judgment, they should be liberally construed as motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).

To prevail on a Rule 59(e) motion to alter or amend a judgment, Garrison must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although a district court has considerable discretion in deciding whether to reopen a case under Rule 59(e), "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* Rule 59(e) generally "favor[s] the denial of motions to alter or amend a judgment[.]" *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (footnote omitted).

Here, Garrison fails to satisfy the standard for obtaining Rule 59(e) relief. In his disjointed and convoluted filings, he has neither shown a manifest error of fact or law or a change in controlling law, nor presented new evidence that was not previously available. Rather, his most

2

recent post-judgment filings appear to revisit and add to allegations and claims raised in previous filings already considered by the Court, while also seeking to conduct a fishing expedition to find evidentiary support for his various allegations. Accordingly, Garrison's post-judgment filings (Dkt. Nos. 49-52), construed as Rule 59(e) motions, are **DENIED**. To the extent Garrison seeks any additional relief aside from that available under Rule 59(e), his requests are also **DENIED**.

**III.**

As discussed, Garrison was previously warned that if he continued to file frivolous motions in this case – or in any other case before the Court – sanctions and filing bars could be imposed against him. (*See* Dkt. No. 48.) Undeterred, Garrison has continued to submit frivolous, vexatious, and excessively long filings in this closed action.

As a result, the Court **ORDERS** that Garrison shall not file any pleadings or documents in this case unless he first obtains leave from this Court to make such a filing. Leave for filing may be obtained only by filing a motion for leave to file the pleading or document and attaching a copy of that pleading or document to the motion. The pleading or document will not be considered unless the Court first grants Garrison leave to file. Garrison is **WARNED** that if he fails to comply with this order or continues to file frivolous motions or documents in this closed case, he will be subject to additional, increasingly severe sanctions, including, but not limited to, monetary sanctions, a complete bar to filing pleadings in this Court, or both.

**SO ORDERED this 9th day of October, 2024**.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE